# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LETICIA V. ASTUDILLO,<br><br>Claimant,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Respondent. | No. 17 C 5191<br><br>Magistrate Judge Jeffrey T. Gilbert |

## MEMORANDUM OPINION AND ORDER

Claimant Leticia V. Astudillo ("Claimant") seeks review of the final decision of Commissioner of Social Security ("Commissioner"), denying Claimant's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income under Titles II and XVI of the Social Security Act ("Act"). Pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment. [ECF No. 7.] Claimant has moved for summary judgment [ECF No. 19] pursuant to Federal Rule of Civil Procedure 56. This Court has jurisdiction pursuant to 42 U.S.C. §§ 1383(c) and 405(g). For the reasons stated below, Claimant's Motion for Summary Judgment [ECF No. 19] is granted. This matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

## I. PROCEDURAL HISTORY

Claimant filed her claims for DIB and SSI on February 28, 2014, alleging disability beginning December 31, 2008. (R. 21.) The applications were denied initially and upon reconsideration, after which Claimant requested an administrative hearing before an administrative law judge ("ALJ"). (*Id.*) On June 20, 2016, Claimant, represented by counsel, appeared and

testified at a hearing before ALJ William J. Mackowiak. (R. 33–46.) The ALJ also heard testimony from vocational expert ("VE") Ed Pagella. (*Id.*) Francisca Grijalva appeared as a Spanish interpreter. (R. 21.)

On June 24, 2016, the ALJ denied Claimant's claims for DIB and SSI, based on a finding that she was not disabled under the Act. (R. 21–27.) The opinion followed the five-step evaluation process required by Social Security Regulations. 20 C.F.R. § 404.1520. At step one, the ALJ found that Claimant had not engaged in substantial gainful activity ("SGA") since December 31, 2008, the alleged onset date. (R. 23.) At step two, the ALJ found that Claimant had the severe impairment of spine disorder. (R. 24.) At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404 Subpart P., Appendix 1. (*Id.*) The ALJ then assessed Claimant's residual functional capacity ("RFC")[1] and concluded that Claimant had the residual functional capacity to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) except:

> Lift up to 10 pounds occasionally, stand and walk for about 2 hours, and sit for up to 6 hours in an 8-hour workday with normal breaks, work is limited to simple, routine, and repetitive tasks in a work environment free of fast paced production requirements involving only simple work related decisions with few, if any, work place change and limited to occupations that do not require communication in English.

(R. 24.) At step four, the ALJ determined that Claimant was unable to perform any past relevant work. (R. 25.) Finally, at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Claimant can perform, such as sorter, packer, or assembler. (R. 26.) Because of this determination, the ALJ found that Claimant was not disabled under the

---

[1] Before proceeding from step three to step four, the ALJ assesses a claimant's residual functional capacity. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The RFC is the maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008).

Act. (*Id.*) The Appeals Council declined to review the matter on May 12, 2017, making the ALJ's decision the final decision of the Commissioner and, therefore, reviewable by this Court under 42 U.S.C. § 405(g). *See Haynes v. Baumhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. STANDARD OF REVIEW

A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000). Under such circumstances, the district court reviews the decision of the ALJ. (*Id.*) Judicial review is limited to determining whether the decision is supported by substantial evidence in the record and whether the ALJ applied the correct legal standards in reaching his or her decision. *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009). The reviewing court may enter a judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 42 U.S. 389, 401 (1971). A "mere scintilla" of evidence is not enough. *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002). Even where there is adequate evidence in the record to support the decision, the findings will not be upheld if the ALJ does not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). In other words, if the Commissioner's decision lacks evidentiary support or adequate discussion of the issues, it cannot stand. *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009). Though the standard of review is deferential, a reviewing court must "conduct a critical review of the evidence" before affirming the Commissioner's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). It may not,

however, "displace the ALJ's judgment by reconsidering facts or evidence." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

### III. ANALYSIS

On appeal, Claimant alleges a number of errors. First, Claimant contends that the ALJ improperly assessed her subjective symptom statements and credibility. Second, Claimant argues that the ALJ failed in his duty to develop the record. Next, Claimant asserts that the ALJ failed to adequately evaluate the opinion of her treating physician. Finally, Claimant argues that the RFC is not supported by substantial evidence. [ECF No. 19, at 6–16.]

**A.      Subjective Symptom Statements**

In evaluating a claimant's subjective symptoms, "an ALJ must consider several factors, including the claimant's daily activities, her level of pain or symptoms, aggravating factors, medication, treatment, and limitations, and justify the finding with specific reasons." *Villano*, 556 F.3d at 562 (citations omitted); *see* 20 C.F.R. § 404.1529(c); Social Security Ruling ("SSR")[2] 16-3p. An ALJ may not discredit a claimant's testimony about his symptoms "solely because there is no objective medical evidence supporting it." *Villano*, 556 F.3d at 562 (citing 20 C.F.R. § 404.1529(c)(2)); *see Johnson v. Barnhart*, 449 F.3d 804, 806 (7th Cir. 2006) ("The administrative law judge cannot disbelieve [the claimant's] testimony solely because it seems in excess of the 'objective' medical testimony."). Even if a claimant's symptoms are not supported *directly* by the medical evidence, the ALJ may not ignore *circumstantial* evidence, medical or lay, which does support claimant's credibility. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539–40 (7th Cir.

---

[2] SSRs "are interpretive rules intended to offer guidance to agency adjudicators. While they do not have the force of law or properly promulgated notice and comment regulations, the agency makes SSRs binding on all components of the Social Security Administration." *Nelson v. Apfel*, 210 F.3d 799, 803 (7th Cir. 2000); *see* 20 C.F.R. § 402.35(b)(1). Although the Court is "not invariably bound by an agency's policy statements," the Court "generally defer[s] to an agency's interpretations of the legal regime it is charged with administrating." *Liskowitz v. Astrue*, 559 F.3d 736, 744 (7th Cir. 2009).

2003). SSR 16-3p, like former SSR 96-7p[3], requires the ALJ to consider "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." SSR 16-3p, at *4.

The Court will uphold an ALJ's subjective symptom evaluation if the ALJ gives specific reasons for that finding, supported by substantial evidence. *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009). The ALJ's decision "must contain specific reasons for a credibility finding; the ALJ may not simply recite the factors that are described in the regulations." *Steele v. Barnhart*, 290 F.3d 936, 942 (7th Cir. 2002) (citation omitted). "Without an adequate explanation, neither the applicant nor subsequent reviewers will have a fair sense of how the applicant's testimony is weighed." *Id.*

In this case, the ALJ's assessment of Claimant's allegations regarding her pain and other symptoms falls far short of what the applicable case law requires, warranting remand on this issue. *See Ghiselli v. Colvin*, 837 F.3d 771, 778–79 (7th Cir. 2016). The ALJ got off to a bad start by stating that Claimant's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence or other evidence in the record for the reasons explained in this decision." (R. 25.) The Seventh Circuit has routinely condemned this language as "meaningless boilerplate" and "backwards analysis." *Stark v. Colvin*,

---

[3] In 2016, the Commissioner rescinded SSR 96-7p and issued SSR 16-3p, eliminating the use of the term "credibility" from the symptom evaluation process, but clarifying that the factors to be weighed in that process remain the same. *See* SSR 16-3p, 2016 WL 1119029, at *1, *7 (March 16, 2016). The ruling makes clear that ALJs "aren't in the business of impeaching claimants' character," but does not alter their duty to "assess the credibility of pain *assertions* by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." *Cole v. Colvin*, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original).

813 F.3d 684, 688 (7th Cir. 2016); *see also Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012) ("The present 'template,' . . . is even worse . . . ."); *Martinez v. Astrue*, 630 F.3d 693, 696 (7th Cir. 2011) ("There is no explanation of which of [claimant's] statements are not entirely credible or how credible or noncredible any of them are."); *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010) ("It is not only boilerplate; it is meaningless boilerplate.").

Although an ALJ's use of boilerplate language is not outcome-determinative if he or she actually goes on to engage in substantive analysis of the record evidence, *Pepper v. Colvin*, 712 F.3d 351, 367–68 (7th Cir. 2013), the ALJ's decision in this case is devoid of any substantive analysis whatsoever. The ALJ offered no discussion about Claimant's testimony, limited daily activities, medications, or treatment received. This makes it impossible for the Court to trace the path of the ALJ's reasoning from the evidence to his conclusions. *McKinzey v. Astrue*, 641 F.3d 884, 890 (7th Cir. 2011) ("the ALJ must explain [his] decision in such a way that allows us to determine whether [he] reached [his] decision in a rational manner, logically based on [his] specific findings and the evidence in the record.").

The Commissioner argues, unpersuasively, that the ALJ did consider Claimant's course of treatment and use of medication "as it was noted in those treatment notes [that the ALJ reviewed], as well as the state reviewing physicians' opinions and the consultative examiner's report." [ECF No. 23, at 9.] It is not enough, though, for the Commissioner to argue that the ALJ must have considered the evidence in the record even though she or he does not actually indicate having done so. The ALJ's decision in this case does not reflect any consideration of the evidence the Commissioner cites. *See Farley v. Berryhill*, --- F. Supp. 3d ---, 2018 WL 2426905, at *4 (N.D. Ill. 2018) ("But mentioning [treatments and use of medications]—or 'recognizing' them, as the Commissioner puts it—doesn't let the reviewing court know what the ALJ thought about them

6

and how they played into the ALJ rejecting [the claimant's] allegations."); *Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016) (ALJ must "engage sufficiently with the evidence" to allow the reviewing court to follow his reasoning).

As far as the Court can discern, the ALJ's sole reason for discounting Claimant's symptom statements was the fact that Claimant worked full-time as a babysitter for a church from September 2010 through February 2014, "well after the DLI [date last insured]." (R. 25.) According to the ALJ, this work "contradicts [Claimant's] allegations/testimony that she would not work a full-time job, despite her unpersuasive attempts to characterize the job as accommodated and not really full-time, without any corroborating proof from [the] employer made available at [the] hearing." (*Id*.) The Court is not persuaded.

Claimant testified that she was babysitting children at her local church and was given accommodations at work. (R. 37–38.) The job required her to be present at the bus stop when the children went to school and when they returned from school. (*Id*.) She would give the children breakfast and lunch, and occasionally do laundry. (R. 228.) Claimant explained that the church gave her the job and allowed her to lie down, walk, stand, and sit as needed. (R. 38.) She was able to take naps during the day. (R. 228.) The ALJ provided no explanation as to why he found Claimant's characterization of the job as accommodated and not really full time "unpersuasive." (R. 25.) There is no indication that these work activities are inconsistent with Claimant's descriptions of the limiting effects of her impairments and the pain she endures because of those impairments. Moreover, "[a]n ALJ should not make an adverse credibility determination because the claimant worked while disabled or while in pain." *Johnson v. Berryhill*, 2018 WL 3373502, at *3 (N.D. Ind. July 11, 2018) (citing *Hill v. Colvin*, 807 F.3d 862, 868 (7th Cir. 2015)).

Without a sufficient explanation that connects the record evidence to the ALJ's conclusion,

the basis for the ALJ's determination regarding Claimant's subjective symptom statements is unclear and unreviewable. To be clear, the Court is not suggesting that the ALJ should have accepted Claimant's subjective allegations uncritically and without question. Rather, it is the foundation underlying the ALJ's assessment that is inadequate, and greater elaboration and explanation is necessary to ensure a full and fair review of the evidence. *See Zurawski v. Halter*, 245 F.3d 881, 888 (7th Cir. 2001). On remand, the ALJ should re-evaluate Claimant's subjective symptom statements with due regard to the full range of medical evidence, sufficiently articulate how he evaluated that evidence, and then explain the logical bridge from the evidence to his conclusions.

**B.     Other Issues**

Because the Court is remanding only on the errors identified above, it need not explore in detail the other arguments posited by Claimant on appeal since the analysis would not change the result in this case. The Commissioner, however, should not assume that the Court agrees with the ALJ's analysis of those issues. Similarly, Claimant should make no assumptions either. Rather, it is simply unnecessary for the Court to lengthen this Memorandum Opinion and Order by addressing Claimant's other arguments in a case that is being remanded anyway.

In conclusion, the Court expresses no opinion about the decision to be made on remand but encourages the Commissioner to do what is necessary to build a logical bridge between the evidence in the record and her ultimate conclusions, whatever those conclusions may be. *See, e.g., Myles,* 582 F.3d at 678 ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusions"); *see Smith v. Apfel,* 231 F.3d 433, 437 (7th Cir. 2000); *Luna v. Shalala,* 22 F.3d 687, 693 (7th Cir. 1994).

## IV. CONCLUSION

For the reasons stated above, Claimant's Motion for Summary Judgment [ECF No. 19] is granted. The decision of the Commissioner is reversed, and the matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: August 21, 2018